Gibson, J. (dissenting).
The chronology of events is this: On November 30,1961, plaintiff acquired title; during the period between November 30,1961 and January 22,1963, there occurred the negligent acts and omissions complained of, these including the accumulation of inflammable rubbish and the failure to secure the doors and windows against children’s and vagrants’ intrusion upon the premises, where various small fires of unknown origin occurred; on January 22, 1963, plaintiff transferred title, surrendered possession and canceled the policy; on July 2,1963 occurred the fire and the collapse of the building wall inflicting the bodily injuries and death attributed to plaintiff’s negligent acts and omissions during the November 30, 196.1-January 22,1963 period.
The policy coverage is for “ damage * * * caused by accident and arising out of the hazards hereinafter defined ’ ’ and those hazards are defined under “ Operations ” to include the ‘ ‘ ownership, maintenance and use of the premises ’ ’. The hazards thus broadly defined are directly referred to in the provision which is the key clause in the litigation, denominated “ VT ” and headed “ Alienated Premises ”, as follows: “ Such insurance as is afforded by this policy under division 1 of the Definition of Hazards applies to premises alienated by the *757 named Insured, if the accident occurs after the named Insured has relinquished possession thereof to others.”
Thus, the coverage clause applies to “accidents” and “ hazards ”, expressed in the conjunctive, and clause VI clearly embraces (1) “ hazards ” occurring during the period of plaintiff’s ownership within the stated policy period and (2) “accidents ” occurring thereafter by reason of the pre-existing “hazards”. Otherwise, clause VI appears to be without purpose.
Clause VII, which renders the policy applicable “ only to accidents which occur during the policy period ”, is of general application and should not vitiate the express and particular temporal provisions preceding it; and, if it gives rise to ambiguity— and in my view it does not—must, of course, under the familiar rule requiring construction against the insurer, yield to clause VT.
It follows that the order of the Appellate Division should be affirmed.
Ordered accordingly.